## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | **CASE NO.: 5:18 CR 348** |
| ) | | |
| **PLAINTIFF,** ) | | **JUDGE:  PATRICIA GAUGHAN** |
| ) | | |
| vs. ) | | |
| ) | | **DEFENDANT'S MOTION TO** |
| **MICHAEL MEADOWS** ) | | **DISMISS THE 21 U.S.C. 851 FILING** |
| ) | | **AND DEFENDANT'S BRIEF ON** |
| **DEFENDANT.** ) | | **INAPPLICABILITY OF 21 U.S.C.** |
| ) | | **851 TO THE INSTANT CASE** |

Now comes the defendant, Michael Meadows, by and through his assigned counsel, and hereby moves this Court to find that the 21 U.S.C. 851 filing is not applicable in the instant case.

The reasons are set forth in the attached memorandum of law, incorporated herein by reference.

Respectfully submitted,

/*S/Brian M. Fallon*_____
**BRIAN M. FALLON**
OSB#0011862
P.O. Box 26267
Fairview Park, Ohio  44126
(440) 734-5000 (phone)
(440) 734-3700 (fax)
Email:  co4394@sbcglobal.net

Attorney for Defendant, Michael Meadows

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Defendant's Motion to Dismiss the 21 U.S.C. 851 Filing and Defendant's Brief on Inapplicability of 21 U.S.C. 851 to the Instant Case.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  A copy of the foregoing was sent by the Court's electronic filing system to Aaron Howell, Assistant U.S. Attorney, Federal Building, Suite 208, 2 South Main Street, Akron, Ohio 44308 on this 30th day of May, 2019.   Parties may access this filing through the Court's system.

/S/Brian M. Fallon_____
**BRIAN M. FALLON**

Attorney for Defendant, Michael Meadows

## MEMORANDUM OF LAW

I. **HISTORY**

      The defendant was originally indicted on June 27, 2018 in a three count indictment alleging a violation of 18 U.S.C. sec. 922 (g)(1) Felon in Possession of a Firearm; a violation of 21 U.S.C. sec. 841 (A)(1) and (b)(1)(B)(vi), Possession with intent to Distribute Fentanyl; and, a violation of 18 U.S.C. sec. 924(c)(1)(A)(i), Possession of a Firearm in Furtherance of Drug Trafficking.

      Trial was set for November 26, 2018.

      The Government filed an information to establish a prior conviction on October 5, 2018 (21 U.S.C. sec. 851).  This information proclaimed that:

> ". . . the United States will rely upon the previous "felony drug offense" conviction of Michael J. Meadows, for the purpose of invoking the increased sentencing provisions of Title 21, United States Code, sec. 841 (b)(1)(B)(vi).
> . . .
>
> "The previous "felony drug offense" conviction that the United States will rely upon is:  1.) Aiding and abetting to distribute crack cocaine, in the United States District Court, Northern District of Ohio, Eastern Division, Case No. 5:03-CR-00016-PAG, on or about September 10, 2003."
> . . .
>
> "In the event that the Defendant is convicted of Count Two of the Indictment, the penalty provision of Title 21, Sec. 841 (b)(1)(B)(vi), the United States Code, provide that when a defendant has previously been convicted of a 'felony drug offense' the <u>maximum penalties are increased to a mandatory minimum sentence of 10 years</u> to a maximum term of imprisonment of life, an $8,000,000.00 fine, or both, and a mandatory period of at least 8 years of supervised release." (emphasis added)
> …

      "<u>FOOTNOTE 1</u>:  The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or foreign

3

country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances.  Title 21 United States Code sec. 802 (44)."

On November 21, 2018, the Government filed a superseding indictment which amended Count Two by adding the language, " … of a mixture and substance containing a detectible amount of …".

The trial of the matter was subsequently continued until January 16, 2019.

The jury returned a verdict of guilty as to all three charges.

Sentencing was set for May 22, 2019, at which time the defendant objected to the imposition of the 851 enhancement.

## II. **Law and Argument**

The First Step Act, sections 401-404, were enacted by the federal government on December 21, 2018 in S. 756, PL 115-391.  The short title is the "First Step Act of 2018."

The "First Step Act" is to be applied retrospectively:

> "Applicability to Pending Cases. – This section, and the amendments made by this section, shall apply to any offense that was committed before the date of the enactment of this Act, if a sentence for the offense has not been imposed as of such date of the enactment."

21 U.S.C. sec. 841 (b)(1)(B) now requires a "serious drug felony" to obtain the 10 years to life enhancement.

The term "serious drug felony" is now defined as follows:

> "(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."

These elements in the "First Step Act" were not set forth in either the 851 Notice, nor the superseding indictment.

4

The 851 Notice <u>MUST</u> be filed before Trial.  21 U.S.C. sec. 851(A)(1).  The 851 notice is deficient because it does not contain the new definitional elements of a "serious drug offense" as contained in the "First Step Act."

Trial has already been held and concluded and it is too late to amend the 851 notice.

In addition, the United States Supreme Court has also weighed in the issues of increased sentencing by the "facts" to be found by a grand jury and included in the indictment.  <u>See</u>, *Apprendi v. New Jersey*, 530 U.S. 466 and *Alleyne v. United States*, 570 U.S. 99 (2013).

As Justice Thomas stated in *Alleyne v. United States*, 570 U.S. 99 (2013) at 101 when delivering the opinion of the Court:

> "1.  Because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.  Accordingly, *Harris* is overruled.  Pp. 2159-2163.
>
> (a) *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, concluded that any " 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' " are elements of the crime, *id*., at 490, 120 S.Ct. 2348, and thus the Sixth Amendment provides defendants with the right to have a jury find those facts beyond a reasonable doubt, *id*., at 484, 120 S.Ct. 2348. *Apprendi's* principle applies with equal force to facts increasing the mandatory minimum, for a fact triggering a mandatory minimum alters the prescribed range of sentences to which a criminal defendant is exposed. *Id.*, at 490, 120 S.Ct. 2348.  Because the legally prescribed range *is* the penalty affixed to the crime, it follows that a fact increasing either end of the range produces a new penalty and constitutes an ingredient of the offense.  It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime.  The fact that criminal statutes have long specified both the floor and ceiling of the sentence ranges is evidence that both define the legally prescribed penalty.  It is also impossible to dispute that the facts increasing the legally prescribed floor aggravate the punishment, heightening the loss

5

> of liberty associated with the crime. Defining facts that increase a mandatory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment, see *id*., at 478-479, 120 S.Ct. 2348, and preserves the jury's historic role as an intermediary between the State and criminal defendants, see *United States v. Gaudin*, 515 U.S. 506, 510-511, 115 S.Ct. 2310, 132 L.Ed.2d 444. In reaching a contrary conclusion, *Harris* relied on the fact that the 7-year minimum sentence could have been imposed with or without a judicial finding of brandishing, because the jury's finding authorized a sentence of five years to life, 536 U.S., at 561, 122 S.Ct. 2406, but that fact is beside the point. The essential Sixth Amendment inquiry is whether a fact is an element of the crime. Because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have received had a different range been applicable. There is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum. Pp. 2159-2163."

Because the government now at sentencing wants to use the 851 filing to increase the mandatory minimum from 5 years to 10 years, the "facts" which increase the mandatory minimum must have been found by a grand jury and stated and proved in the indictment. The new definition of "serious drug offense" contains two "facts" which are now elements (served more than 12 months and been released within 15 years), neither of which are contained in the superseding indictment that the defendant went to trial on and which the jury returned a verdict nor are they contained in the 851 Notice.

Therefore, based on the above, the defendant's position is that the government cannot use the 851 filing to increase the mandatory minimum.

                                        Respectfully submitted,

                                        *S/Brian M. Fallon*_____
                                        **BRIAN M. FALLON**
                                        OSB#0011862
                                        P.O. Box 26267
                                        Fairview Park, Ohio  44126
                                        (440) 734-5000
                                        Email:  co4394@sbcglobal.net

                                        Attorney for Defendant, Michael Meadows