UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:18 CR 348 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) | |
| | ) | |
| Michael Meadows, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 63). For the following reasons, this Court DENIES the motion.

**Facts**

On January 17, 2019, a jury found Defendant Michael Meadows guilty of Count One, Felon in Possession of Firearm and Ammunition, 18 U.S.C. § 922(g)(1); Count Two, Possession with Intent to Distribute Fentanyl, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi); and Count Three,

Possession of Firearm in Furtherance of Drug Trafficking Offense, 18 U.S.C. § 921(c)(1)(A)(i). He received a sentence of 131 months imprisonment and four years of supervised release. Defendant appealed to the Sixth Circuit, which affirmed this Court's judgment. *United States v. Meadows*, 822 Fed. App'x 434 (2020). His petition for writ of certiorari was denied.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Analysis**

Defendant, proceeding pro se, sets forth three claims for relief: (1) ineffective assistance of counsel; (2) violation of Fifth Amendment Due Process rights; and (3) violation of Fourth Amendment rights.[1]

      **Ground One—Ineffective Assistance of Counsel**

---

[1] Defendant also requests an evidentiary hearing. This request is denied because the record conclusively shows that he is not entitled to relief. *Valentine v. United States*, 488. F.3d 325, 333 (6th Cir. 2007).

In his first claim for relief, Defendant argues that his trial and appellate counsel were ineffective "during all critical stages."

A petitioner alleging ineffective assistance must show that counsel's performance was inadequate and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003). A defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id.* at 693. The "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

First, Defendant argues that his counsel was ineffective for failing to successfully argue for the suppression of evidence obtained from a search of his home. Defendant asserts the search warrant lacked probable cause. He states that officers never showed him a copy of the warrant, and he did not receive "a full and fair hearing on this issue" as the factual basis for this claim. (Doc. 63 at 949).

Trial counsel did attack the validity of the warrant. Counsel filed a motion to suppress "any and all evidence received from the execution of a search warrant" because the information was stale and underlying factual statements were incorrect. (Doc. 15). This Court denied the motion to suppress, finding that the affidavit contained sufficient probable cause and even if it did not, the officers acted in good faith in reasonably relying on the warrant. (Doc. 24 at 164).

Second, Defendant argues that trial counsel was ineffective for failing to re-test the drugs found in Defendant's home. Defendant states that he "clearly asked" his lawyer to have the drugs re-tested because he does not deal fentanyl. He asserts that trial counsel informed him that there was not enough money to independently test the drugs.

Trial counsel did move for an independent expert to re-test the drugs. (Doc. 20). This Court denied the motion as untimely. Declining to renew this motion could have been a strategic choice because a positive result would have undermined Defendant's case at trial. *See Ordaz v. United States*, 2015 WL 12803718, at *4 (D. Wy. Mar. 30, 2015) ("[Defendant's] counsel had to weigh the risk of an independent test coming back positive."). When faced with such a risky move, trial counsel can make a strategic decision to rely on cross examination instead of independent testing. *United States v. Baca*, 687 F.2d 1356, 1360 (10th Cir. 1982) (finding effective assistance where counsel offered "vigorous defense" instead of independent testing); *Coneo-Guerrero v.United States*, 142 F. Supp. 2d 170, 183–84 (D.P.R. 2001) (no ineffective assistance where attorney made strategic decision not to independently test drugs).

Here, Defendant's trial counsel ably cross-examined the government's FDA drug expert about her qualifications to identify street drugs, whether she found fentanyl, how much fentanyl was in the sample, her confidence in the accuracy of her tests, whether she ran the proper tests to

determine the amount, and her familiarity with other methods of testing fentanyl. (Doc. 55 at 289–325). Trial counsel was not ineffective.

Third, Defendant argues that his counsel was ineffective for failing to object to the prosecution's remarks regarding Defendant's exercise of his Fifth Amendment right to remain silent.

On appeal, Defendant raised this argument on its merits based on the prosecutor's comments during closing arguments regarding Defendant's refusal to divulge his drug supplier's identity. *United States v. Meadows*, 822 Fed. App'x 434, 440–41 (6th Cir. 2020). The court rejected the claim for lack of prejudice given the extensive amount of properly admitted evidence establishing Defendant's guilt. *Id.* The court also noted that the prosecution only mentioned Defendant's refusal to answer the question in opening and closing arguments, and this Court had instructed the jury that arguments were not evidence. *Id.*

Even assuming that counsel was deficient for failing to object to the prosecution's comments, Defendant has failed to demonstrate prejudice given the Sixth Circuit's finding of no prejudice.

Finally, Defendant argues that appellate counsel was ineffective for failing to raise "Meritorious Claims," but he does not specify which of his claims should have been raised on appeal. As such, this Court need not consider how appellate counsel may have been ineffective. "The case precedent in this circuit instructs courts to withhold judgment on issues not fully developed by the briefs or in the record. Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court

to . . . put flesh on its bones." *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004) (quoting *Popvich v. Cuyahoga Cty. Court of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002)).

Even if the Court did consider Defendant's unsupported claim for relief, counsel did raise Defendant's Fifth Amendment claim and ineffective assistance claims on appeal.

**Ground Two—Due Process**

In his second claim for relief, Defendant argues on the merits that his Fifth Amendment rights were violated by the prosecution's comments on his decision to remain silent. Defendant raised this argument on appeal and the court rejected it. *United States v. Meadows*, 822 Fed. App'x 434, 440–41 (6th Cir. 2020). Having failed with this argument on appeal, Defendant may not raise it again with this Court because he has failed to allege that "exceptional circumstances" require reconsideration. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("[A] § 2255 motion may not be employed to relitigate an issue that was raised on direct appeal absent highly exceptional circumstances, such as an intervening change in law.").

**Ground Three—Fourth Amendment**

In his third claim for relief, Defendant argues on the merits that his Fourth Amendment rights were violated because "there was no evidence or witnesses presented" to show that the warrant to search his home was supported by probable cause. But a free-standing Fourth Amendment claim cannot be raised in a § 2255 motion. *See Ray v. United States*, 721 F.3d 758, 761–62 (6th Cir. 2013) (concluding that Fourth Amendment claims are not cognizable under 28 U.S.C. § 2255 because they can be raised at trial and on direct appeal). Such a claim may instead be considered through an ineffective assistance of counsel analysis. *Id.* ("Though free-standing

Fourth Amendment claims cannot be raised in collateral proceeding . . . the merits of a Fourth Amendment claim still must be assessed when a claim of ineffective assistance of counsel is founded on incompetent representation with respect to a Fourth Amendment issue."). As discussed above, however, counsel was not ineffective for failing to challenge the warrant.

**Conclusion**

For the foregoing reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: 12/7/21

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge